### WILLIAM C. VREELAND *vs.* PETER M. RYERSON.

In a declaration in ejectment, the time at which the plaintiff's right of possession is averred to have accrued must be at a time when the right actually existed. If the time is laid erroneously, the declaration is amendable at the trial.

In ejectment. On motion for new trial.

The action was commenced in this court, and was tried at the Passaic Circuit before a jury, at January term, 1859. On the return of the *postea*, the defendant obtained a rule to show cause why a new trial should not be granted.

Argued at November term, 1859, before the CHIEF JUSTICE, and Justices HAINES, VREDENBURGH, and VAN DYKE.

*A. S. Pennington*, for defendant.

*Zabriskie*, for plaintiff.

VOL. IV.                    S

The opinion of the court was delivered by the

CHIEF JUSTICE.   The plaintiff's declaration in eject-
ment averred that his right to the possession of the prem-
ises accrued on the 9th day of September, 1856.   Upon
the trial, it appeared that the plaintiff acquired title on
the 9th of September, 1856, but that the defendant was
his tenant from that day until the first of May, 1858.
The plaintiff, upon the trial and upon the application for
the rule to show cause, moved to amend the declaration,
by changing the time at which the right of possession
accrued to the 2d of May, 1858, after the defendant's term
had expired.   The amendment was not made, but the jury
rendered a verdict for the plaintiff in accordance with the
instruction of the court.

The only point involved in the consideration of the mo-
tion for a new trial is the necessity and the propriety of the
proposed amendment.

The statute (*Nix. Dig.* 642, § 50,) requires that the dec-
laration shall state the time when the plaintiff's right of
possession accrued.   The declaration states the time, as
required by the statute, but states it erroneously.   The
plaintiff's right to the possession of the premises, as
against the defendant, did not accrue till more than a
year subsequent to the time averred in the declaration.
This, it is insisted, is immaterial, because, by the terms
of the statute, the real question at the trial is, whether
the plaintiff is entitled to recover the possession of the
premises ; and whether that right existed at the time of
the commencement of the action.   *Nix. Dig.* 143, § 57, 58.
If therefore, the declaration avers that the plaintiff's right
of possession accrued prior to the commencement of the
action, it is urged that it can in nowise affect the question
at issue before the jury.   All this may be conceded, and
yet the legislature, in requiring that the declaration shall
state the time when the plaintiff's right to the possession
of the premises accrued, must have had in view some

practical result. The principal, if not the sole design of the requirement probably was, that in an action for mesne profits, the verdict should be conclusive evidence of the plaintiff's right to the possession from the time specified in the declaration. In analogy to the rule, which regarded a recovery under the former practice in ejectment conclusive evidence of the plaintiff's title from the time of the demise laid in the declaration, *i. e.* from the time at which the plaintiff averred that his right to the possession accrued. *Aslin* v. *Parker, Burr.* 665 ; *Adams on Eject.* 288 ; *Den* v. *McShane,* 1 *Green* 39.

And hence the further requirement of the statute (§ 58) that the title must appear to have existed as alleged in the declaration. Although it be true that the defendant was in nowise prejudiced upon the trial by the erroneous averment of the declaration, yet if the verdict is permitted to stand as the record now is, it will furnish evidence upon which the plaintiff may recover mesne profits for the occupation of the premises by the defendant for a period prior to the time when the plaintiff's right of possession accrued, and for which, as appears by the case, the defendant has already paid rent.

The record of the declaration should be amended according to the truth of the case, as proposed by the plaintiff upon the trial. It is not necessary that the precise day upon which the plaintiff's right of possession accrued should be stated ; it is enough that it be averred to have accrued at a time when it actually existed. In such case no possible prejudice could result to the defendant.

There is nothing in the objection, that because the statute requires the time at which the plaintiff's right of possession accrued to be stated in the declaration, therefore no amendment can be permitted. The statute also prescribes the form of the declaration, and requires that it shall describe the premises claimed with the same certainty as the summons. If there should be a departure from the form or a misdescription of the premises it would

scarcely be pretended that an amendment was inadmissible. The authority relied upon, 3 *Chitty's Gen. Prac.* 54, and the cases there cited, apply to amendments of a deviating process under the uniformity of process act. The principle adopted is not applicable to the amendment of pleadings, especially where the pleader has attempted to comply with the statute by stating the time at which his right accrued, but has stated it erroneously.

The motion for a new trial should be denied, but without costs.